# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DICHRISDA, LLC,<br><br>Debtor | Chapter 11<br>Case No. 08-18234-HJB |
| DICHRISDA, LLC, a Massachusetts Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING APPEALS COMMITTEE, and ALBERT BANGERT, SARA TREZISE, and BRIAN SULLIVAN, as they are members of the Zoning Board of Appeals of Scituate,<br><br>Defendants | Adversary Proceeding<br>No. 09-1004-HJB |

## ORDER

WHEREAS, in March, 2006, DiChrisda, LLC (the "Debtor") applied, pursuant to Massachusetts General Laws ("MGL") ch. 40A, to the Zoning Board of Appeals of the Town of Scituate, Massachusetts (the "Board") for a Special Permit to construct a twenty-two unit condominium building on property located at 44 Jericho Road, Scituate, Massachsetts (the "Property")(the "40A Application"), replacing an existing restaurant; and

WHEREAS, on August 18, 2006, the Board denied the 40A Application; and

1

WHEREAS, on September 6, 2006, the Debtor appealed the Board's denial to the Commonwealth of Massachusetts, Superior Court Department of the Trial Court, Plymouth Division (the "State Court"); and

WHEREAS, on August 28, 2007, the State Court remanded the matter to the Board and ordered the Board to conduct a new hearing; and

WHEREAS, on December 19, 2007, the Debtor filed a new application seeking a consolidated Comprehensive Permit under MGL ch. 40B (the Massachusetts Affordable Housing Statute)(the "40B Application") for development of the property; and

WHEREAS, on March 20, 2008, the Board denied the 40B Application; and

WHEREAS, the Debtor appealed the Board's denial of the 40B Application to the Massachusetts Housing Appeals Committee (the "Committee"); and

WHEREAS, the Committee affirmed the Board's March 2008 decision on the sole grounds that, pursuant to 760 CMR §§ 56.03(1), the decision of the Board must be upheld if a "related" application had been previously received during a 12 month period as defined in § 56.03(7); and

WHEREAS, the Debtor responded by filing the instant complaint in the State Court against various parties, including the Committee and the Board, challenging, *inter alia*, the Board's and the Committee's interpretations of § 56.03, the characterization of the § 40B Application as related to the § 40A Application and the pendency of the § 40A Application during relevant periods ; and

WHEREAS, the Debtor filed this Chapter 11 case on October 29, 2008 and then removed the State Court Action to this Court, pursuant to 28 U.S.C. § 1452(a); and

WHEREAS, the Committee and the Board have moved to remand the State Court Action back to the State Court, pursuant to 28 U.S.C. § 1452(b),[1] arguing that, inasmuch as the dispute centers upon the proper interpretations of provisions of the Massachusetts Administrative Procedure Act and the Massachusetts Housing Statute:

1. the State Court has greater expertise and experience with respect to the statutory and regulatory provisions at issue, and permitting removal to this Court would be a waste and duplication of judicial resources, create a risk of inconsistent or disparate results and work a hardship on the Board;

2. no asset of the estate is implicated in the dispute (suggesting either a lack of this Court's subject matter jurisdiction or a challenge to its core jurisdiction);

3. principles of comity toward the Massachusetts state court require remand;

4. the State Court is nearing resolution of the State Court Action, as all of the briefs have been filed and only the hearing before the State Court remains; and

5. the Debtor's removal of this action from the State Court to this Court constitutes forum shopping; and

---

[1] 28 U.S.C. 1452(b) provides in relevant part that:

**(b)** The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. . . .

3

WHEREAS, the Debtor in turn argues that:

1. this Court has related-to jurisdiction, pursuant to 28 U.S.C. § 1334(b) and that jurisdiction is core under § 157(b);

2. the Court should give great weight to the Debtor's choice of forum;

3. the relevant state statutory and regulatory framework is neither difficult nor novel;

4. the movants' arguments relative to the speed of the State Court in resolving the dispute are disingenuous because, prepetition, the Board opposed the Debtor's request for expedited determination in the State Court; and

5. the Board has acted out of self-interest and not consistent with its responsibility to provide a fair and unbiased determination of the § 40B Application; and

WHEREAS, this Court now finds and rules that:

1. this Court has subject matter of the instant dispute, pursuant to 28 U.S.C. § 1334(b), and that jurisdiction is core, pursuant to 28 U.S.C. §§ 157(b)(1) and (2)(A) and (O);

2. however, the State Court is a far more experienced and expert forum for interpreting the statutory and administrative framework with respect to the issues presented herein and is entitled to comity with respect thereto; and

3. the State Court appears ready and able to reach a prompt determination of this dispute;[2]

---

[2] In this connection, counsel for the Board and the Committee agreed, in open court, not to oppose the Debtor's further request(s) for expedited determination in the State Court. This

4

it is hereby ORDERED that the instant adversary proceeding be and it hereby is REMANDED for determination to the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Plymouth Division, pursuant to 28 U.S.C. § 1452(b) and, *sua sponte*, pursuant to 28 U.S.C. § 1334(c)(1).[3]

DATED: May 12, 2009

Henry J. Boroff
United States Bankruptcy Judge

---

Court will hold them to that representation.

[3] 28 U.S.C. § 1334(c)(1) provides in relevant part:

(c)(1) . . . nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Abstention under § 1334(c)(1) moots the issue raised by the Debtor with respect to the timeliness of the Board's request for remand.